Good morning, your honors. May it please the court and counsel, I'm here today representing Kendrick Bugg, who is the appellant and defendant in the court below. I'd like to reserve four of my minutes for rebuttal, if I may. Your honors, I don't think that there is any significant argument that the prior decision of this panel was a general remand for sentencing versus a limited remand for sentencing. I think it's clear from both the record and from the Apley brief that it was, in fact, a general remand for resentencing in this case. So what do we do with two features of this case? One, I mean, it seems like not forfeiture, but waiver, because everyone, it probably wasn't you, was it you, resentencing? Okay, so someone, the defender, agreed that it was limited and just to keep the focus there. So that seems really strange that now we have to look at the whole thing. You say in your Apley brief, oh, it's jurisdictional, but I didn't see a lot of citations in support of that point, but I'm not even sure I care, because I don't know what, I don't see the arguments premised on a general remand. In other words, just for the sake of argument, we'll call it a general remand, and you think you can't raise all these additional reasons for leniency. Those weren't raised anywhere. So even if for some reason limited versus general is jurisdictional, it's still the duty of the defending to put in front of the court, or for that matter, even us, what those arguments for leniency were, and I don't see them. Let me work backwards then. Let me start with the second of those premises first, because I think that there are, there were mitigating arguments which were in the record, which were not, obviously not argued, but you need to remember that at the beginning. Is this the rehabilitation thing? Yes. You can't just put things in the record, and I am glad it's in the record. Thank you, the district court says, but. Here's the problem with this. It's literally a chicken and the egg thing. So we have, we have the judge that tells us. There's no chicken and there's no egg. It's my take on it, but keep going. We have the problem that the district court judge at the beginning of the hearing says, look, I'm only going to consider this one issue, consecutive versus concurrent. After getting agreement from all the parties that that's all there was. Well, he got, he got agreement after he made the statement. The judge maybe says, here's the way I read the decision. Isn't that correct? Right. And then they go to the Senate to it. That, that's, you know, it wasn't, and that's where I think it is different from, when you're looking at like waiver versus forfeiture, you know, the intentional relinquishment of a right. Yes. Is, I think it requires more than acquiescence to a district court judge. It's, in the cases where we've had that intentional relinquishment of a right, it's been, I'm going to argue the 3B1.1 issue at sentencing. And then you get to sentencing and say, judge, in my sentencing memo I raised this issue, but we are withdrawing it. And when we withdraw it, when the defense counsel withdraws that issue, that's, that is off the table for appellate review. There's no You're just giving one easy, you're just giving one easy example of a knowing relinquishment. That doesn't prove this wasn't the same thing. Well, I think there are three grades here. Because the other end of that spectrum is that you just simply don't raise the issue, but you don't acquiesce to the issue, and it's, therefore it's waived and it's, it's the other end of the spectrum. That's forfeiture when you Forfeiture, yeah, I generally confuse the two when I Okay, but here there's agreement with the judge. I mean, if I were to say, Mr. Chad, don't you agree that issue one on your, that you raised on appeal has no merit, and you say, yeah, I agree with the judge, that's the end of the merit, isn't it? I mean, that's a waiver of your argument. It's not that, because I suggested it first, somehow it's not a real waiver, so I don't understand the distinction. Well, the distinction here is that, is that every party, including the district court judge, misapprehended this court's mandate on remand. Everyone did. The prosecutor, defense counsel, and the district court judge, and it goes to what is, what is the general remand and what is the mandate, and I think that the way to work this is to look at the converse of this, because let's say the same remand, the same remand happens, only it's a limited remand. You guys can look at the 3B1.1 issue on remand. Consider that, and then that's what you base your sentence on, and when they get back to resentencing when it's a limited remand, the parties in the district court say, you know what, we can open this whole thing back up again, and we can look at everything, because we all agree to it. That, just because they agree to it, doesn't grant the district court jurisdiction to actually open all those things back up, because in that case, it turns on what the remand is. But you can still waive, the government can waive. What happens right now if I say to you, I think you need to drop this argument. I think it's wrong, and you should sit down and not make it. And so I've introduced the topic, you now have the choice, and you're not a milquetoast guy, you're sitting there going over my dead body, but if you did sit down, that would have been a knowing relinquishment of the argument. May have been a bad idea, may have been ineffective assistance of counsel, but that doesn't make it not knowing involuntary. Well, and if, you know, I don't think we need to get to the point, because I think that is the next point, is that if we find that this was an intentional relinquishment of this right, then obviously we are setting an argument for an ineffective assistance of counsel claim down the line. Which requires prejudice. Requires prejudice, which gets me back to kind of where I started, which is the Pepper argument. And I think that there are two things here. Number one, the defense counsel did raise Pepper. If you look, there's a continuance motion prior to the resentencing, and that continuance motion specifically says, we want a 30-day continuance because we're getting documentation that we're going to present to the court in sentencing, and it cites two States in that continuance motion saying, we're going to make this argument. Now, between that the court raises the continuance, they get to sentencing, and then at the beginning of the hearing, the court says, this is a limited remand, I'm only considering this issue, don't you agree? Now, if I'm defense counsel, I can do one of, after I've said, and this is after I've said, yes, I agree, okay? So after that point, if I'm defense counsel, I can do one of two things, right? One is that I can argue the issue that everybody says is before the court, the consecutive concurrent issue. The other one is to say, I really don't agree with the judge, I'm going to make a record here on all these other issues that I raised. Which is clearly a good idea. It's clearly a good idea. It's clearly your duty. It's clearly a duty. Absolutely. To make a proffer as to the excluded evidence, it's required. The only thing I do have is that he did, in fact, at the re-sentencing hearing, hand the judge all of the certificates that he was going to rely upon for his proper argument. And they didn't make it. All of them being what, just the records of, and tell me exactly what it was, this rehabilitation? Yeah, I don't have the specifics on it either because I couldn't get it from former counsel. But the key, the record shows, and I can give you the patient. No violations? No violations of prison rules? That's what it shows? We don't know. But we don't know because. Isn't that what it likely was? It could have been programming. It could have been certificates of completion. It could have been annual management. Obviously, there's varying degrees of what we can present. But again, the evidence is presented to the court. We do know that from the record. And we also know that the court makes no statement, no findings, no acknowledgment, no anything of this issue. You know, the court could have said at the re-sentencing hearing, I acknowledge receiving this, and this doesn't make a difference, in my opinion, as to the sentence. But why would the court do that when the whole issue has been waived? I mean, it doesn't make any sense. The court doesn't usually do things that are, that don't have a purpose. Again, and that gets me to my dilemma of chicken and the egg. So we've got, how can, if the issue is waived, no other evidence can be presented, no other arguments can be made other than consecutive concurrent, how could defense counsel have then made a good record on these other issues? If he disagrees with the judge's ruling, then he has to pursue the issue, and then he has to present the excluded evidence in the record so it can be an appeal. I mean, it's just like, we don't render advisory opinions on issues that are waived on appeal. I mean, you say, well, it would be really nice if you guys would rule on this anyway. Even though I've withdrawn issue number one, I'd really like to know how it comes out. But we don't do that. And a district court wouldn't do that either. Yes, and obviously it's a dilemma that defense counsel said that he agreed with the limited remand. But I think the 2255 that one might think about, keep this in mind, if this rehabilitation evidence shows that he has saved a bunch of people in prison, he's written books, he's educating everybody, okay, maybe. But Judge Collier said in 20 years on the bench, this is one of the most dangerous people I've ever seen. So, you know, these vague ideas of what I suspect is going on, no violations of prison rules, you know, go for it, but you've got a serious prejudice issue. It might not save the day, but we don't know because he never even considered it. But we do know this, he's the most dangerous person, Judge Collier, one of the most dangerous people Judge Collier has seen in 20 years. And he had two chances for leniency, and so far, zero. And let me make one comment that I'd like to bleed into my four minutes for a moment. The, what we're talking about here is 210 months. And we're talking about 210 months, well, actually 200 months because 10 of us run concurrent. So, there is, he's serving a 364-month sentence on a prior case. He is serving another 300 consecutive months on the gun. So he's already at 664 months, right? What we're talking about is the other 200 that's run consecutive here. So, even if he's the most dangerous person on the face of the earth, he could have given a life sentence. He's already given him a minimum of 50-some years, and now we're talking about the other 20. Yeah, this was all in front of Judge Collier. He said what he said. I mean, I thought that was his explanation for the extra 20. I see that my time is up, and I'll reserve my four minutes. Thank you. May it please the Court, Deborah Brenneman for the United States of America. On remand from this Court for resentencing, defendant affirmatively agreed with the District Court's characterization of the remand as a limited remand. But Mr. Shad says it's jurisdictional. I mean, in other words, general versus limited remand goes to the jurisdiction of the District Court in resentencing, so it's not a waivable or forfeitable point. Certainly, a District Court cannot exceed the authority granted to it by this Court on remand. So we would have a problem if the Court had construed a limited remand as a general remand. Then it would exceed the scope of the remand. Here, even assuming the Court had erred or misapprehended the nature and scope of the remand, that error is harmless because defendant hasn't identified any meritorious or even non-frivolous arguments that were presented to the District Court and not addressed on that remand. There's actually two statements by defendant through counsel. What's the government's position on whether it goes to jurisdiction? What's the government's position on whether it goes to jurisdiction in both directions? You know, you mistake a general as a limited, you mistake a limited as a general. Are all of those non-waivable, non-forfeitable, or just some? Does the government have a position on that? Our position is that the jurisdiction affects only the outer scope, so that, for example, if the Court mischaracterizes a limited remand as a general remand, that would affect the jurisdiction of the Court. But we don't have the problem in the opposite direction, and that, therefore, it can be waived by defendant for not raising it. Is there a case that says that? I don't have one offhand. To my knowledge, that hasn't specifically been addressed by this Court. The fact that a general remand, assuming for purposes of argument that this was a general remand, it allows a Court to revisit all of its initial calculations, guidelines, calculations, conduct the sentencing anew, but it doesn't specifically require the Court to recalculate the guidelines range. Here, of course, there were no objections that affected the guidelines range. The District Court characterized the remand as merely explaining this one section that had not been fully described the first time. The Court says, and I'm quoting from page 477, page ID number, the Court understands this is limited remand for the purpose of considering defendant's argument for concurrent sentence, and if the Court decides to adhere to its original sentence, to state somewhat more plainly the reasons for its decision. That corresponded precisely to what this Court had asked the District Court to do. I recognize the defendant made additional sentencing arguments in his initial appeal. None of those arguments, however, were represented to the District Court, and based on their substance, they all involved this core issue of whether a concurrent or a consecutive sentence was appropriate. Here, the Court explained in detail on the remand why, in its view, a 510-month sentence with only 10 months running concurrently was necessary and appropriate under the 3553A factors. As this Court's already noted, defendant was one of the most dangerous that Judge Collier had seen in his nearly 20 years of experience, and he specifically found that the only time was while he was incarcerated. Unless this Court has specific questions, I just ask this Court to affirm defendant's sentence for the reasons stated by Judge Collier. I'll rest on my brief. Thank you. I'd like one more shot at this. Let's say that we have a remand from this Court that says, Judge, you got the 3B one-point issue wrong. On remand, you need to re-look at this issue. And then they get back down to the District Court and the Defense Counsel, Prosecutor, and the District Court all say, that issue is not on the table. We're not going to look at that. Would that be waived because nobody followed this Court's mandate if it went back up on appeal for some reason? I don't think it would be waived, despite the fact that they all agreed that they weren't going to address this issue and that they weren't going to get to it. I'm not sure I agree. The way you put it is interesting, but I think you could interpret it, I think it's more likely that a defendant could say, on reflection, it's hopeless. We're not going to argue it. So we concede the first time around you were right, and I don't understand why they can't do that. Because that is an intentional relinquishment. If I say I raised this issue, I now see it's hopeless, I'm withdrawing it, that's an intentional relinquishment. What I'm suggesting is everybody gets back down to the District Court and everybody says, Judge, you can't get to it. You can't get to the 3B1.1 issue. Prosecution says I can't get to it, and the District Court agrees he can't get to it. Then he gets new counsel on appeal, and new counsel on appeal, let's say the Assistant Federal Defender, wants to raise the 3B1.1 issue. I can't see how that would stand, given the Court's mandate that on remand you should address this issue. I think you're taking knowing to mean right, and you can do things in a knowing way and be wrong. I agree. I agree. I guess that's what I think is going on. I mean, it's pretty unusual hypothetical, but usually that's what lawyers say to me, and so I'm not going to try that trick on you. But I don't know. It would seem problematic to me, but I don't know. Unless there are any further questions, we would submit. All right. Thank you. Thank you. Case is submitted.